WILLIAMS *v.* COMER.

Opinion delivered March 20, 1911.

MASTER IN CHANCERY—CONCLUSIVENESS OF FINDINGS.—The findings of fact of a master in chancery, made under a consent reference, have the same binding force as the verdict of a jury; and where the evidence was legally sufficient to sustain it, it was error for the chancellor to set his finding aside.

Appeal from Lonoke Chancery Court; *John E. Martineau,* Chancellor; reversed.

*M. B. Rose* and *Wiley & Clayton,* for appellants.

The findings of fact by a master who is appointed by consent of parties is as conclusive as the verdict of a jury. 85 Ark. 414; 74 Ark. 338 and authorities cited. His findings in this case must stand if there is any evidence to support them.

*John D. Shackleford,* for appellee.

McCULLOCH, C. J. The plaintiff, Gabe Williams, and his wife, Linsey Ann Williams, owned a tract of land in Lonoke County, Arkansas, constituting their homestead, and they instituted this action in the chancery court of that county, alleging that they had formerly executed a mortgage on said land to the American Freehold Land Mortgage Company to secure a debt of $700 for borrowed money; that afterwards N. Baum, a Little Rock merchant, solicited plaintiffs to trade with him, and promised, if they would do so, to pay off said mortgage debt; that they were induced by representations of said Baum to execute to him an instrument which was represented to be a mortgage on said land, but which was, in fact, a deed to said Baum, conveying said land for a named consideration of $2,000; that, by virtue of their confidential relations with said Baum and because the plaintiffs were old and ignorant, and could neither read nor write, and were unlearned in business affairs, they relied wholly upon the representations of Baum and upon his advice and instructions. They alleged further that they had recently discovered that there were other mortgages of record on said land, purporting to have been executed by them to Baum but which were, in fact, forgeries; that Baum had filed a voluntary petition in bankruptcy and scheduled as assets the mortgage on the land at $460, but that

nothing was in fact due thereon; that defendant, J. A. Comer, became trustee of said bankrupt's estate and sold to Morris Phillips the choses in action of Baum, among them a purported mortgage executed by plaintiffs to Baum for $460 on said land, which was a forgery. They prayed that all debts claimed by Baum against plaintiffs be cancelled, including that bought by Phillips, and that all purported mortgages on said land be cancelled, and that an accounting be had, and that said deed, fraudulently procured by Baum upon the representation that it was a mortgage, be cancelled. An amendment to the complaint was filed, stating that Baum and wife had mortgaged said land to Sam Storthz to secure a debt of $1,000, who took with full knowledge of the fraud practiced upon plaintiffs, and they also prayed that said Storthz be required to satisfy said mortgage.

Comer, as trustee, Baum and Phillips and Storthz were all made parties defendant to the suit. Each of said defendants filed separate answers, Baum denying the charges of fraud and Storthz and Phillips each claiming to be *bona fide* purchasers of the property for value.

Depositions were taken, and on the trial of the cause the chancellor announced that he would hold that the deed executed by the plaintiffs to Baum was intended as a mortgage, and, by agreement of the parties, there was a reference to a master, the parties agreeing upon George W. Clark as such master, to state an account of the amount of the mortgage indebtedness due by the plaintiffs. Testimony was heard by the master, and a report was filed by him stating the various items of the account between plaintiffs and Baum through a number of years from 1902 to 1907, inclusive. He found that the plaintiff, Gabe Williams, is indebted to Baum in the sum of $232.48, which includes interest at six per cent. up to May 15, 1909.

Defendant Comer filed exceptions to the master's report, and these exceptions were sustained by the chancellor, who found from the testimony adduced before the master that plaintiffs were indebted in the sum of $1,192, including interest to December 1, 1909. He rendered a decree against the plaintiffs, declaring a lien on the land for said sum and ordering it sold. From this decree the plaintiffs appeal.

The rule is thoroughly established in this court, as in other

courts where the question has been decided, that the parties are bound by the findings of fact by a master to whom there has been a reference made by consent where there is any evidence to sustain those findings; in other words, that findings of a master under a consent reference have the same binding force as the verdict of a jury, and will not be disturbed where the evidence is legally sufficient to sustain them. The last case in this court on this subject is the recent one of *Mortimore* v. *Adkins, ante* p. 183, wherein the other decisions of this court on the subject are collated. Where the findings of the master are sustained by sufficient evidence, it is error for the chancellor to set same aside; and where he does so improperly, this court will reverse the decision of the chancellor. This is so because chancery cases come here on appeal for trial *de novo,* and this court renders such decree as the chancellor should have rendered.

It is contended in the present case that the evidence adduced before the master was not sufficient to sustain the findings, but we do not agree to that conclusion. It is true that the evidence was conflicting, and the master might well, under the evidence, have found against the plaintiffs for a larger amount of indebtedness, but the evidence was sufficient to sustain his findings. The plaintiffs were ignorant old negroes, but they testified that they received an itemized bill of everything that they purchased from Baum, and that they kept those bills and turned them over to the master at the hearing. They testified further that at the close of the business in 1904 they owed Baum nothing, and that he gave them a clear receipt against all indebtedness. Baum's bookkeeper testified that there were mistakes in the accounts on the books. The report of the master shows that he examined the bills and compared them with the books and accounts of Baum, and, after considering those matters in connection with the other testimony in the case, he found that there was only an indebtedness in the sum of $232.48. We conclude, therefore, that the evidence was sufficient to sustain that conclusion, and the findings of the master should not have been disturbed. The decree is reversed, with directions to enter a decree in accordance with the findings of the master, and allowing plaintiffs to redeem the lands in controversy by paying to defendant Storthz the amount so found by the master, with interest and costs of the action.